**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Geddes; Delania Geddes,          ) | No. CV-12-0667-PHX-FJM |
|                              )             | |
|             Plaintiffs,      )             | **ORDER** |
|                              )             | |
| vs.                          )             | |
|                              )             | |
| HSBC Bank USA, et al.,       )             | |
|                              )             | |
|             Defendants.      )             | |
|                              )             | |

The court has before it defendants Wells Fargo Bank, HSBC Bank, and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss (doc. 9), plaintiffs' response (doc. 22), and defendants' reply (doc. 24). We also have before us defendants' motion to dissolve temporary restraining order ("TRO") (doc. 14), plaintiffs' response (doc. 19), defendants' reply (doc. 21); and defendants' motion to expedite consideration of the motion to dissolve the TRO (doc. 27).

Plaintiffs purchased residential real property in August 2006 with a $952,483 loan secured by a Deed of Trust in favor of M&I Marshall & Ilsley Bank. The Deed of Trust appointed MERS as beneficiary and Lawyers Title of Arizona as trustee. Plaintiffs consented in the Deed of Trust to non-judicial foreclosure in the event of default. On April 7, 2010, MERS assigned the beneficial interest in the Deed of Trust to defendant HSBC Bank. The assignment was recorded on May 9, 2011.

1    Plaintiffs subsequently defaulted on their loan.  On March 29, 2011, Michael A.
2 Bosco, Jr. was substituted as trustee and a notice of trustee's sale was recorded.  One day
3 before the scheduled trustee's sale, plaintiffs obtained a TRO in state court, enjoining the
4 sale.  The case was then removed to this court.

5    Plaintiffs' complaint contains nine counts, all of which assert various iterations of
6 three claims–(1) MERS is not a valid beneficiary under the Deed of Trust, and therefore
7 lacked power to assign the Deed of Trust, (2) defendants cannot proceed with a non-judicial
8 foreclosure without first producing the original Note, and (3) non-judicial foreclosure is
9 precluded for defendants' failure to comply with the Uniform Commercial Code ("UCC").

10   When plaintiffs signed the Deed of Trust they expressly acknowledged that MERS
11 "is acting solely as nominee for Lender and Lender's successors and assigns," and that
12 "MERS is the beneficiary under this Security Instrument." Compl., ex. A at 2.  By signing
13 the Deed of Trust, plaintiffs agreed to MERS's role as beneficiary.  See Cervantes v.
14 Countrywide Home Loans, Inc. 656 F.3d 1034, 1042 (9th Cir. 2011).  The Deed of Trust
15 expressly allows the assignment of the Deed of Trust without notice to plaintiffs.  Ex. A ¶
16 20 ("The Note . . . (together with this Security Instrument) can be sold one or more times
17 without prior notice to the Borrower.").  Each of plaintiffs' claims challenging MERS
18 authority as beneficiary fails to state a claim.

19   Similarly, plaintiffs' "show me the Note" and UCC claims fail to state cognizable
20 claims for relief.  The Arizona Supreme Court recently confirmed what has long been the
21 holding of this court, as well as the Arizona Court of Appeals, that "Arizona's non-judicial
22 foreclosure statutes do not require the beneficiary to prove its authority or 'show the note'
23 before the trustee may commence a non-judicial foreclosure." Hogan v. Washington Mut.
24 Bank, Nos. CV-11-0115, CV-11-0132, 2012 WL 1835540, at *1 (Ariz. May 18, 2012).  "The
25 only proof of authority the trustee's sales statutes require is a statement indicating the basis
26 for the trustee's authority." Id. at *2 (citing A.R.S. § 33-808(C)(5)).  The Arizona Supreme
27 Court also confirmed that the "trust deed statutes do not require compliance with the UCC
28 before a trustee commences a non-judicial foreclosure." Id.  Based on the holding in Hogan,

1  we conclude that plaintiffs have failed to state a cognizable claim for relief.

2  We also grant defendants' motion to dissolve the TRO (doc. 14).  Because plaintiffs
3  have failed to state a claim upon which relief can be granted, a dissolution of the TRO is
4  warranted.

5  **IT IS ORDERED GRANTING** defendants' motion to dismiss (doc. 9),
6  **GRANTING** defendants' motion to dissolve temporary restraining order (doc. 14), and
7  **GRANTING** defendants' motion to expedite consideration of the motion to dissolve the
8  TRO (doc. 27).

9  The clerk shall enter final judgment.

10  DATED this 1st day of June, 2012.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge