**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Geddes; Delania Geddes,<br><br>    Plaintiffs,<br><br>vs.<br><br>HSBC Bank USA, et al.,<br><br>    Defendants. | No. CV-12-0667-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion for an award of attorney's fees (docs. 32, 39) and memorandum in support (doc. 39), to which plaintiffs have not responded, and defendants' motion for summary disposition (doc. 40). We also have before us defendants' motion to exonerate and release bonds (doc. 34), plaintiffs' response (doc. 37), and defendants' reply (doc. 38).

**I.**

Plaintiffs brought this action in state court challenging a trustee's sale of their residence, notwithstanding their default, by asserting arguments that have consistently been rejected by this court and the Arizona Court of Appeals. Defendants subsequently removed the action to federal court. On June 1, 2012, we granted defendants' motion to dismiss with prejudice, concluding that plaintiffs had failed to state a claim upon which relief can be granted (doc. 30). Plaintiffs have appealed that order. At the same time, we also granted defendants' motion to dissolve a temporary restraining order ("TRO") that was entered in state court, without notice to the defendants, enjoining the trustee's sale of plaintiffs'

1  residence. Two bonds in the amount of $3,200 each were posted by plaintiffs in state court
2  in connection with the TRO. After removal, the bonds were transferred to this court (doc.
3  29). Having successfully moved to dismiss this case and dissolve the TRO, defendants now
4  seek an award of attorney's fees (doc. 32) and an order exonerating and releasing the bond
5  funds (doc. 34). Plaintiffs object to the exoneration of the bonds, arguing that their filing of
6  a notice of appeal divests this court of jurisdiction to grant the relief requested.

## II.

8  Generally, the filing of a notice of appeal "confers jurisdiction on the court of appeals
9  and divests the district court of its control over those aspects of the case involved in the
10 appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 402
11 (1982). Nevertheless, pursuant to Rule 62(c), Fed. R. Civ. P., the district court retains limited
12 jurisdiction to "suspend, modify, restore, or grant an injunction" during the pendency of an
13 appeal, as long as the status quo of the parties and the status of the case on appeal are
14 preserved. Natural Res. Def. Council v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir.
15 2001). Because an injunction is immediately enforceable regardless of whether an appeal
16 is pending, Fed. R. Civ. P. 62(a), we have authority under Rule 62(c) to exonerate the bonds
17 in connection with our order dissolving the TRO.

18 There is a "rebuttable presumption that a wrongfully enjoined party is entitled to have
19 the bond executed and recover provable damages up to the amount of the bond." Nintendo
20 of Am. v. Lewis Galoob Toys, Inc., 16 F.3d 1032, 1036 (9th Cir. 1994). For the reasons
21 stated in our order granting defendants' motion to dismiss (doc. 30), we conclude that
22 defendants were wrongfully enjoined. Nevertheless we deny defendants' motion to
23 exonerate the bonds because they have made no showing of damages. While we assume that
24 defendants suffered damages as a result of the wrongful injunction of the trustee's sale,
25 defendants are only entitled to recover "provable" damages. Fidelity Nat'l Fin. Inc. v.
26 Friedman, 472 Fed. Appx. 577, 579 (9th Cir. 2012). Without any showing of damages,
27 defendants have inadequately supported their motion. Therefore, the motion to exonerate the
28 bonds is denied (doc. 34), without prejudice to refiling a new motion.

**III.**

We also have before us defendants' unopposed motion for attorney's fees pursuant to A.R.S. § 12-341.01(A) or (C). Plaintiffs' failure to respond to the motion for attorney's fees may be deemed a consent to the granting of the motion and we may dispose of the motion summarily. LRCiv 7.2(i). Defendants seek attorney's fees and costs in the amount of $30,321.90. Under the analysis set forth in <u>Assoc. Indemn. Corp. v. Warner</u>, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985), we conclude that defendants are entitled to fees. Plaintiffs asserted meritless claims; because plaintiffs filed the claim, litigation was unavoidable; defendants prevailed on every claim; plaintiffs' legal claims were not novel; and a fee award would not discourage other parties from brining meritorious claims. Although they did not respond, we can only conjecture that a substantial award of fees would cause a hardship on plaintiffs who have been unable to pay their mortgage. In sum, the <u>Warner</u> factors support an award of fees.

Defendants request compensation for a total of 150 of work in connection with this action. We believe this is excessive in a case that was resolved on a motion to dismiss, and on issues which defendants recognize are routinely dismissed. Therefore, we reduce the number of compensable hours to 70 and award total fees in the amount of $14,000.

**IV.**

**IT IS ORDERED DENYING** defendants' motion for exoneration of the bonds (doc. 34). **IT IS FURTHER ORDERED GRANTING** defendants' motion for summary disposition (doc. 40) and **GRANTING** defendants' motion for attorney's fees (docs. 32, 39) and awarding fees to defendants in the amount of $14,000.

DATED this 18th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge