**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Geddes, et al, ) | No. CV 12-00667-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| HSBC Bank USA, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us plaintiffs' Rule 60(b) motion to set aside the judgment (doc. 53), defendants' response (doc. 56), and plaintiffs' reply (doc. 57).

Plaintiffs move, pursuant to Rule 60(b), Fed. R. Civ. P., for an order setting aside the final judgment entered in favor of defendants on June 1, 2012 (doc. 31). Plaintiffs contend that they have acquired "newly discovered evidence" of "fraud on the court" in the form of a "Securitization Analysis and Foreclosure Forensics Report," which allegedly shows that the documents evidencing chain of title, and which were used to foreclose their property, were "fraudulent to the extent that the persons executing those document lacked authority from the holder of the Note and from the owner of the Note to exercise the power of sale."

Final judgment was entered and this case is now on appeal. Once an appeal is filed, a district court lacks authority to consider a motion to vacate judgment. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). Instead, pursuant to Rule 62.1, Fed. R. Civ.

1  P., a district court may only (1) defer consideration of the motion, (2) deny the motion, or (3)
2  state that we would either grant the motion upon limited remand, or that the motion raises a
3  substantial issue.
4     Because plaintiffs' motion does not raise a substantial issue, we would deny the
5  motion on its merits.  Therefore, a remand is not warranted.
6     **IT IS ORDERED DENYING** plaintiffs' motion to set aside the judgment (doc. 53).
7     DATED this 21st day of May, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge